UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJOT SINGH, | No.  1:26-cv-04567-DAD-SCR (HC) |
| Petitioner, | |
| v. | ORDER GRANTING IN PART PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| CHRISOPHER CHESTNUT, et al., | |
| Respondents. | |
| | (Doc. Nos. 1, 2) |

On June 14, 2026, petitioner Manjot Singh filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Therein, petitioner alleges as follows.  He has lived in the United States since 2014, when he entered on a B-1/B-2 nonimmigrant visa.  (*Id.* at 2.)  On March 16, 2026, ICE officers took him into custody.  (*Id.*)  Petitioner seeks his release, due process prior to re-detention, and the awarding of costs and reasonable attorney's fees.  (*Id.* at 11–12.)  Also on June 14, 2026, petitioner filed a motion for temporary restraining order.  (Doc. No. 2.)  On June 23, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases

1

that this court has decided.  (Doc. No. 6.)  In that same order, the court directed that if respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position.  (*Id.*)

On June 25, 2026, respondents filed a combined response to the *habeas* petition and opposition to the motion for temporary restraining order.  (Doc. No. 7.)  Therein, respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1226(a) and has not been provided a bond hearing because he has not requested one.  (*Id.* at 2.)  Respondents have stated no opposition to the court ruling on the pending *habeas* petition based upon the briefing currently before it and the court will do so.

The court finds pursuant to its prior reasoning in *Leo Huayan v. Chestnut*, No. 1:26-cv-03696-DAD-AC (HC), 2026 WL 1363089 (E.D. Cal. May 15, 2026) that because petitioner has been detained pursuant to 8 U.S.C. § 1226(a) for three months without being provided a bond hearing, he must be released.  Respondents' argument that petitioner was required to request the process he was due is unavailing.  *See Xianming H. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-02543-TLN-CKD, 2026 WL 1283415, at *5 (E.D. Cal. May 11, 2026) ("Respondents are in control of Petitioner's custody and it is the government's duty to provide sufficient process when depriving an individual of their liberty.  Petitioner has now been detained for nearly four months and he has never been afforded a hearing to determine whether his custody is justified.  Thus, Petitioner has been deprived of an opportunity to be heard at a meaningful time and in a meaningful matter.").

For the reasons above,

1.    Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED in part as follows:

a.    Respondents are ORDERED to immediately release petitioner, Manjot Singh, A-File No. 206-595-441, from respondents' custody on the conditions, if any, he was subject to prior to his detention on or about March 16, 2026;

2

b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden of proof will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

c.    Petitioner's request for attorney's fees and costs is DENIED without prejudice to bringing a properly noticed and supported motion;

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his petition for habeas relief on the merits;

3.    The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

4.    The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   **July 1, 2026**              _____

                                        DALE A. DROZD
                                        UNITED STATES DISTRICT JUDGE